**Ruby WEAVER, Widow of Farris Weaver, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 00–4404.

United States Court of Appeals, Sixth Circuit.

May 1, 2001.

Before NELSON and BATCHELDER, Circuit Judges; FEIKENS, District Judge.[*]

### ORDER

Ruby Weaver, a Kentucky resident, moves for pauper status and petitions pro se for review of a decision of the Benefits Review Board affirming the denial of her claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Mrs. Weaver is the widow of a coal miner. The miner had twice filed claims for black lung benefits during his lifetime, which were denied. He died in 1996, at the age of seventy, and Mrs. Weaver filed this claim for survivor's benefits. Her claim was denied at the administrative level, and again by an administrative law judge, who concluded that the miner had over eight years of coal mine employment during the 1940s and 1950s, but that the evidence did not establish that he had suffered from pneumoconiosis, or that it caused or hastened his death. The Benefits Review Board affirmed this decision and denied Mrs. Weaver's motion for reconsideration, and this petition for review followed. In her brief, Mrs. Weaver argues that the miner had over twelve years of underground coal mine employment, and that numerous doctors diagnosed pneumoconiosis.

Upon careful consideration, we conclude that the petition for review of the denial of black lung benefits in this case must be denied, because the decision below is supported by substantial evidence. See *Y & O Coal Co. v. Webb,* 49 F.3d 244, 246 (6th Cir.1995).

■ The claimant in a black lung case bears the burden of establishing the elements of entitlement to benefits by a preponderance of the evidence. *Mullins Coal Co. v. Director, OWCP,* 484 U.S. 135, 158, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987). In a survivor's claim reviewable under the regulations at 20 C.F.R. Part 718, it must be established that the miner's death was caused or hastened by pneumoconiosis. *Brown v. Rock Creek Mining Co.,* 996 F.2d 812, 819 (6th Cir.1993); 20 C.F.R. § 718.205(c). In this case, the only evidence regarding the cause of the miner's death was the death certificate, which listed the cause as "coronary," and the opinion of a physician who reviewed the medical evidence and concluded that there was insufficient evidence to establish the existence of pneumoconiosis or that it contributed to the miner's death. There were no opinions from the miner's treating physicians concerning the cause of his death, and Mrs. Weaver was unable to afford an autopsy.

Therefore, even if the issues Mrs. Weaver raised on appeal were conceded, and it was presumed that the miner had over twelve years of coal mine employment and suffered from pneumoconiosis, she would nevertheless not be entitled to an award of benefits because there is no evidence that pneumoconiosis played a role in the miner's death.

The motion for pauper status is granted and the petition for review is denied for

---

[*] The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

the above reasons. Rule 34(j)(2)(C). Rules of the Sixth Circuit.